DECISION AND JUDGMENT ENTRY
This accelerated appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, Domestic Relations Division, in a post-divorce, child custody case. Because we conclude that the trial court abused its discretion in making its visitation order, we reverse in part.
Appellant, Steven A. Barker, and appellee, Janet Barker, were divorced in 1992. The parties had one minor child, Claudia, who was born March 6, 1991. Appellee was designated as the residential parent and legal custodian. Appellant, who lives approximately sixty miles from appellee, had visitation rights one evening during the week, holidays, and summers per the court schedule, and overnight on alternate weekends. Over the years, various difficulties have arisen concerning the visitation and custody of the child. Claudia exhibited a number of stress related physical and behavioral problems in reaction to her parents' inability to deal appropriately with each other.
In January 1999, appellant moved for a change in custody. In March 1999, the parties, the child's psychologist (Dr. Jeanne Dennler) and appellant's therapist (Betsey Kastner), agreed upon a custody plan. Under the terms of this plan, appellant's Tuesday night visitations with his daughter at her bowling league would cease. To facilitate communication and alleviate stress for the child, the child and parents were to attend counseling, with the therapists sharing information. In addition, the parents were to meet with a therapist/mediator to work on more appropriate communication. Due to a difference of opinion on treatment approaches between the therapists, Dr. Dennler would not, however, continue with the agreed upon plan. Appellee also refused to attend the mediation.
Appellant became frustrated that the agreed upon plan had failed. On the Wednesday before Thanksgiving, he notified appellee, through her attorney, that he intended to reinstate Tuesday evening visits on November 30, 1999. According to appellant, she never received this information. An altercation ensued between the parties when appellee went to pick up Claudia. As a result, appellee moved for an emergency order terminating all visitations between Claudia and appellant. Pending a hearing on the motion, the court suspended appellant's overnight visitations with Claudia, but permitted the remaining visitation to continue. Appellant also moved the court for modification of parental rights and responsibilities. A hearing was conducted on December 13, 1999, during which both parties, Dr. Jeanne Dennler (Claudia's therapist), Dr. Wayne Graves (court appointed psychologist), and the guardian ad litem testified. The magistrate issued a "Decision with Permanent Order"[1] finding the following relevant facts from the evidence presented.
An interim agreement between the parties, reached on October 18, 1999, was not journalized; testimony revealed that the parties did not understand the provisions of this agreement.
Appellee has taken Claudia to a myriad of specialists including a gastroenterologist (for stomach problems), a psychiatrist (for medications), and other therapists to determine if she suffers from Attention Deficit Disorder. Initial results of the testing indicate that Claudia's emotional problems are stress related.
According to Dr. Dennler, Claudia was very upset by the parents' continual confrontations with each other. Although both parents were initially involved with Claudia's therapy, appellant did not always accept Dr. Dennler's assessment and recommendations. The psychologist related that Claudia has been "traumatized by the continuous litigation between the parties." At one point, Dr. Dennler recommended that visitation between Claudia and appellant be restricted or terminated because of the problems the child was having in school. She no longer recommended a complete termination of appellant's visitation.
Dr. Dennler believes that Claudia cannot easily adapt to change, no matter how insignificant. It was her ultimate conclusion that the midweek visits be stopped, but that overnight weekend visits continue, due to the distance traveled to appellant's home (sixty miles). Dennler, however, conditioned the restart of these visits upon appellant's attending a meeting with Claudia at her office. Appellant would first apologize to Claudia for his behavior at the bowling alley and assure the child that the behavior would not continue.
Dennler acknowledged that she had not met with appellant and had not evaluated him. She also acknowledged that Claudia exaggerates and lies in order to manipulate the people around her.
Dr. Wayne Graves, a court appointed psychologist, also testified. He had conducted three custody evaluations on both parents and Claudia. He found that Claudia is emotionally attached to both parents, is overly concerned about the reactions of her parents, and does not have a good reality base for assessment of situations. Dr. Graves opined that each parent sought to compete with the other for Claudia's affections, and each tries to punish each other with the idea that it is good for the child.
Dr. Graves recommended and positively noted that both parents are seeking individual counseling. He did not recommend, however, a suspension of appellant's visitation, believing that to be a punitive action that would not be in Claudia's best interest. Dr. Graves recommended that the parties immediately begin mediation sessions with a therapist/mediator, Dr. Smitley, to facilitate communication. Appellant is agreeable to such sessions; appellee is not, stating that she does not want to be in the same room as appellant. Dr. Dennler recommended that these sessions begin after appellant has had personal therapy.
The guardian ad litem recommended midweek visitations with appellant be eliminated; alternate weekends and holiday visitations continue; both parents engage in individual therapy; Dr. Dennler remain Claudia's therapist, with information exchanged between all the mental health professionals involved; e-mail communications between the parties continue; communications sessions with the mediator begin; and as a condition to commencement of any visitation, appellant meet with Dr. Dennler and Claudia to apologize to the child.
The magistrate concluded that Claudia is the victim of the actions of her parents and that neither understands the impact that their continuing arguments and litigation have upon her. "Neither party has demonstrated that, when there is an opportunity to confront the other with perceived wrongdoing, they are capable of putting the needs of the child first." Although both parents love the child, they failed to place the child's needs ahead of their own.
The magistrate further concluded that while appellant has attended Claudia's therapy treatment sessions, he lacks insight concerning his own behavior and the impact of that behavior on his child. The magistrate concluded that appellee has also acted in a manner which places stress on Claudia. "The altercation at the bowling alley was precipitated as much by the [appellee's] disregard of the child's anxiety about conflict between her parent's [sic] as the [appellant's] actions."
The magistrate then recommended that Dr. Dennler remain the child's therapist, that each of the parents continue in individual therapy, and that all the therapists cooperate to develop a treatment strategy for Claudia. The magistrate also recommended that appellant's midweek visitations be terminated and the remaining visitation occur pursuant to the court schedule, with no additional visitation and companionship, except by prior approval of Dr. Dennler. Additionally, appellant's "future visitation is conditioned upon [appellant's] meeting with Dr. Dennler and Claudia. [Appellant] shall take all necessary action required to apologize to the child and to reassure her that there will be not future confrontations between [appellant] and [appellee]."
Appellant filed objections to certain findings of fact, which were overruled by the trial court. The court then adopted the magistrate's decision, without modification.[2]
Appellant now appeals that decision, arguing that the trial court abused its discretion in terminating appellant's right to visitation with his minor child. We will first address the trial court's standard when it considered and ruled upon appellant's objections to the factual findings in the magistrate's decision.
Civ.R. 53 (E)(4)(b) provides, in pertinent part, that upon consideration of any objections to a magistrate's decision, the trial court
 "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter."
When a trial court considers a party's objections to a magistrate's decision, it must independently assess the facts and conclusions contained in the magistrate's report, which is the equivalent of a denovo determination. DeSantis v. Soller (1990), 70 Ohio App.3d 226, 232. Thus, despite a magistrate's findings, the trial court must reevaluate the evidence presented at a hearing.
In this case, the trial court deferred to the magistrate's findings as a "trier of fact," applying the deferential standard found in State v.De Hass (1967), 10 Ohio St.2d 230, 231. This standard is reserved for an appellate court's review of a trial court's factual findings and is inapplicable to a trial court's review of a magistrate's decision. Therefore, the trial court erroneously applied the wrong standard in considering appellant's objections.
Nevertheless, even presuming that the factual findings are supported by the record, the recommendations regarding visitation issued by the magistrate and adopted by the trial court were, in part, unreasonable.
R.C. 3109.051, which governs visitation rights, provides in pertinent part:
 "(A) If a divorce, dissolution, legal separation, or annulment proceeding involves a child and if the court has not issued a shared parenting decree, the court shall consider any mediation report filed pursuant to section 3109.052 of the Revised Code and, in accordance with division (C) of this section, shall make a just and reasonable order or decree permitting each parent who is not the residential parent to visit the child at the time and under the conditions that the court directs, unless the court determines that it would not be in the best interest of the child to permit that parent to visit the child and includes in the journal its findings of fact and conclusions of law. Whenever possible, the order or decree permitting visitation shall ensure the opportunity for both parents to have frequent and continuing contact with the child, unless frequent and continuing contact by either parent with the child would not be in the best interest of the child. * * *"
When determining visitation issues, the trial court must consider the factors set forth in R.C. 3109.051(D). Braatz v. Braatz (1999),85 Ohio St.3d 40, 45. Those factors include:
 "(1) The prior interaction and interrelationships of the child with the child's parents* * * *;
 "(2) The geographical location of the residence of each parent and the distance between those residences * * * and the child's residence;
 "(3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;
"(4) The age of the child;
 "(5) The child's adjustment to home, school, and community;
"* * *
"(7) The health and safety of the child;
"* * *
"(9) The mental and physical health of all parties;
 "(10) Each parent's willingness to reschedule missed visitation and to facilitate the other parent's visitation rights * * *;
"* * *
 "(13) whether the residential parent * * * has continuously and willfully denied the other parent's right to visitation in accordance with an order of the court;
"* * *
 "(15) Any other factor in the best interest of the child."
Generally, upon review, an appellate court will not reverse the trial court's determinations as to visitation issues absent an abuse of discretion. In re Whaley (1993), 86 Ohio App.3d 304, 317, citing to Boothv. Booth (1994), 44 Ohio St.3d 142. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In this case, the magistrate found that both parents' inappropriate behavior contributed to the child's stress. The record also reveals that appellee admitted that on several occasions, she willfully refused to send the child for her court ordered visitations with appellant. In addition, although recommended to resolve her child's anxiety, appellee refused to participate in mediation regarding appropriate communication with appellant.
Dr. Graves, the court appointed psychologist, strongly recommended that visitations with appellant not be curtailed. Dr. Graves, having evaluated both parents and the child, was, in our view, in the best position to give an unbiased, objective recommendation as to Claudia's best interest. In his opinion, the main reason Claudia is under stress is because her parents cannot deal appropriately with each other, not because either of them has mistreated her. Dr. Dennler, on the other hand, often appeared to favor appellee, even giving her individual counseling and advice concerning her relationship with appellant.
Upon a complete review of the record, it is clear that the parties need to resolve the residual issues between them in order to help their daughter resolve her own issues. Since Claudia is emotionally attached to both parents, has anxiety about losing either of them and is upset by even minor changes, it is unreasonable to suddenly cut off contact with appellant.
The court terminated appellant's visitation unless he met with Dr. Dennler, apologized to his daughter, Claudia, and reassured her that no further confrontations would occur between him and appellee. This order is unreasonable since it leaves the decision to reinstate visitation to the sole discretion of Dr. Dennler, who has, in our view, exhibited some bias in favor of appellee. Furthermore, it is partially dependent upon appellee's conduct, something beyond appellant's control.
Therefore, we conclude that the court abused its discretion in adopting the order requiring appellant to meet with the psychologist prior to the commencement of visitation. If not already occurring during the pendency of this appeal, visitation as ordered in the judgment entry is reinstated.
Accordingly, appellant's sole assignment of error is well-taken as it pertains to Dr. Dennler's having sole discretion over the implementation visitation.
The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is reversed in part and affirmed in part. Court costs of this appeal are assessed equally between the parties.
 ________________________ Peter M. Handwork, JUDGE
Melvin L. Resnick, J. and James R. Sherck, J. CONCUR.
[1] We note here that the title of the magistrate's decision is improper, since a magistrate may make certain interlocutory orders but may not make "permanent orders." As we have discussed in a recent decision, Sabrina J. v. Robbin C. (Jan. 26, 2001), Lucas App. No. L-00-1374, unreported, only the trial court issues permanent, final orders.
[2] We also note that the trial court's judgment entry merely adopts the magistrate's decision and does not meet the requirements as discussed in Sabrina J. v. Robbin C. (Jan. 26, 2001), Lucas App. No. L-00-1374, unreported. Since this case was filed prior to that decision and in the interest of preventing delay, we have addressed the issues on appeal herein.